UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 7: 05-16-DCR |
| | ) | Civil Action No. 7: 06-284-DCR |
| V. | ) | |
| | ) | |
| JESUS TERRAZAS LOYA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Jesus Terrazas Loya's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 85] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on June 27, 2008. [Record No. 114] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Loya's motion be denied. Neither party has filed objections to the Magistrate Judge's recommendation, and the matter is now ripe for review.[1]

---

[1]

On July 15, 2008, the Clerk of the Court received a phone call from a person claiming to be Loya's daughter who stated that Loya had not received the Recommended Disposition. As a result, the Clerk again sent a copy of the Recommended Disposition to Loya at the Federal Correctional Institute in Bastrop, Texas ("FCI-Bastrop"). However, there is no indication in the record that the earlier copy of the Recommended Disposition, which was also sent to FCI-Bastrop, was returned or not delivered to Loya. Therefore, the Court will proceed with its review of Loya's motion and the Recommended Disposition at this time.

-1-

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, *see* 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On September 12, 2005, Loya plead guilty to Counts 1 and 2 of the Indictment, charging him with a conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 and with money laundering in violation of 18 U.S.C. § 1956(h). Pursuant to the plea agreement, he also waived his right to appeal and attack collaterally his guilty plea, conviction, and sentence. [Record No. 56] Thereafter, on December 19, 2005, Loya was sentenced to 115 months imprisonment and five years of supervised release. He timely filed his motion for relief pursuant to 28 U.S.C. § 2255 on December 26, 2006.

In short, Loya claims that: (a) the Court improperly enhanced his sentence based on information he provided during a pre-sentence interview; (b) his sentence was unconstitutionally vague; (c) he was denied choice of counsel; (d) the Indictment was defective; (e) his plea was not knowing and voluntary because his counsel underestimated his sentence; and (f) he was provided ineffective assistance of counsel.

After initially reviewing Loya's motion, the Magistrate Judge requested that the United States supplement the record relative to the ineffective assistance of counsel claim and a custodial police interrogation that occurred on July 7, 2005. [Record No. 98] Additionally, Loya filed a motion to expand the record [Record No. 109] and the United States filed a motion for a hearing concerning the Petitioner's claims [Record No. 112]. However, after reviewing the supplemental record, the Magistrate Judge concluded that further evidentiary analysis was unnecessary because Loya's claims were completely without merit. Alternatively, the Magistrate Judge held that Loya waived his right to collaterally attack his guilty plea, conviction, and sentence, and that this waiver "is valid, enforceable, and dispositive as to all claims within its ambit." [Record No. 114, p. 28]

After reviewing the record and the relevant law *de novo*, this Court agrees with the Magistrate Judge's analysis and conclusions. The record demonstrates that Loya's guilty plea was knowing and voluntary, and that his waiver of his right to collaterally attack his guilty plea, conviction, and sentence was informed and voluntary. *See In re Acosta*, 480 F. 3d. 421,422 (6th Cir. 2007). Further, Loya has failed to show any prejudice as a result of his ineffective assistance of counsel claim, and his allegation that he was offered total immunity is contradicted by the record and his own actions in the case. The Court has also reviewed Loya's substantive claims related to his sentence, choice of counsel, and the validity of the Indictment, and these claims are equally without merit.

Therefore, because Loya's claims are barred by a valid waiver, and because his plea was knowing and voluntary and he was not provided ineffective assistance of counsel in connection with the plea, the Court will deny his motion pursuant to 28 U.S.C § 2255.

Further, because the substantive claims asserted by Loya are clearly without merit, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability. This Court agrees with the Magistrate Judge's conclusion that "[t]he Court's determination, as to both the waiver and the merits, is not debatable in this case." [Record No. 114, p. 29]

Accordingly, being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 114] is **ADOPTED** and **INCORPORATED** by reference.

2. Loya's motion to motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255 [Record No. 85] is **DENIED**.

3. The United States' motion to dismiss [Record No. 89] is **GRANTED**.

4. Loya's motion to expand the record [Record No. 109] and his motion for an evidentiary hearing [Record No. 85] are **DENIED**.

5. The United States' motion for an evidentiary hearing [Record No. 112] is **DENIED**.

6. A Certificate of Appealability shall not issue because Loya has not made a substantial showing of the denial of any substantive constitutional right;

7. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 18th day of July, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge